UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SPIRITS IN STONE, INC.,                                        No. 10-14389

                                Debtor(s).
_____/

Memorandum re Conduct of Counsel
_____

       This Chapter case was filed on November 15, 2010, by attorney Gregory Orton. It was filed as a skeleton, with most of the papers to be filed within 14 days.

       On November 17, 2010, Orton sent a letter to Chapter 7 Trustee Linda Green which stated that "US Bank is holding $73,000.00 levied on a SIS account by Plaintiff in Bridgeway, LLC v. Spirits in Stone." Thirteen days later, on November 30, 2010, Orton filed the debtors' statement of affairs. Section four requires the debtor to describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. The box for "None" was checked.

       The matter came to the court's attention when the creditor sought relief from the stay to perfect the levy. When the court noted the "None" box was checked, counsel for the creditor alleged that he knew Orton was aware of the levy because he had discussed the matter with him. The Court then ordered Orton to appear and explain the matter. An amended statement of affairs was not filed until 20 days later.

1

1   It appearing to the court after considering Orton's response that he violated § 707(b)(4)(D) of
2   the Bankruptcy Code and Rule 9011 of the Federal Rules of Bankruptcy Procedure by filing a
3   statement of affairs containing information he knew was incorrect, the court will order Orton to return
4   $2,000.00 of his fee to the Trustee. The most important part of an attorneys' duties in a Chapter 7
5   corporate bankruptcy is to make sure the schedules and statement of affairs are accurate. Orton did not
6   do so, and is therefore not entitled to a full fee.
7   At the hearing on this matter, the court initially decided that Orton should forfeit all his fees.
8   This was based on the allegations of the Trustee that there were other false statements in the schedules
9   and that Orton delayed filing the case until the 90-day preference period had run. However, upon
10  reflection, these matters were not proved and Orton was not given enough time to respond to them.
11  Accordingly, the order the court will enter will be for return of $2,000.00 only, without prejudice to
12  the Trustee's right to seek return of the balance of the fees Orton received..
13  An appropriate order will be entered.

Dated: February 25, 2011

*[signature]*
Alan Jaroslovsky
U.S. Bankruptcy Judge